Commonwealth of Pennsylvania, State Real Estate Commission and Edward W. Robinson, Jr., Commissioner, Department of Professional and Occupational Affairs *v.* A. William Villei and James V. Maiale, Appellants.

Argued June 11, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Harry N. Moran, Jr.*, with him *Francis and Moran*, for appellants.

*William J. Wheeler, Jr.*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for appellees.

OPINION BY JUDGE WILKINSON, August 2, 1976:

The appellants appeal from an order of the State Real Estate Commission which suspended appellant Maiale's license as a real estate salesman for a period of 3 months and the appellant Villei's license as a real estate broker for a period of 9 months. Both periods of suspension were to begin 30 days after November 24, 1975, the date of the order. Appellant Villei obtained a supersedeas, but appellant Maiale did not. Able counsel for appellants brought to the court's attention at oral argument that his client Maiale had served his period of suspension and forthrightedly acknowledged that as to him this appeal is now moot.

With regard to appellant Villei the sole factual issue is whether this record contains evidence to support the Commission's finding that he distributed down money held by him in escrow under an agreement of sale before the consummation or termination of the agreement which did not involve a dispute between the parties to the transaction.

The essential objective facts of the case as they relate to appellant Villei are not in dispute. He represented the seller. The buyer, complainant before the Commission, had his attorney write to appellant Villei on June 19, 1973, as follows:

"Yesterday I received a call from my client concerning the condition of the property which was to be sold under the agreement of sale negotiated through your office. According to the information supplied by the surveyor, there has been a substantial misrepresentation by your salesman concerning the location of the lines on the property. Apparently Mr. DiBello was told that the property line ran along some trees which were located behind a small storage shed. He was also told that the storage shed was included in his property. A survey has apparently been completed and results indicate that neither the shed nor the trees are within the legal description. It also appears that there were other misrepresentations. Accordingly, it does not appear to me there is any alternative but to request that the down money deposited with you be refunded to Mr. DiBello. If for any reason you are unwilling to refund the down payment, you are requested to withhold the funds in accordance with the provision of the broker's law requiring you to retain down payments in the case of a dispute.

"Please review this matter with Mr. DeStefano and with your salesman so that a prompt resolution can be accomplished. Thanks for your cooperation!"

On June 21, 1973, appellant Villei wrote the complainant-buyer as follows:

"Our office has received the survey from the Engineer assigned by Mr. DeStefano to ascertain the boundary lines for the property purchased by you on March 9, 1973.

"As per the Agreement of Sale the boundary lines have been authenticated as the same as those completed by the Engineer and as outlined in the Title Report.

"There is no further reason to delay settlement and we shall proceed as per our extension agreement dated May 1, 1973.

"Settlement will be held July 31, 1973, at 10:00 A.M. at the Guardian Title, 109 E. Main Street, Norristown, Penna."

This was promptly followed by a letter from the complainant-buyer's attorney as follows:

"Apparently, you had not received my letter of June 19, 1973, when you wrote to me on June 21, 1973, because you did not respond to my questions about the representations made by your salesmen. Since the description of the property as shown by the survey and title report did not conform with the area which my client was told he was purchasing, my client is rescinding this transaction and requesting a refund of the down-money paid."

There were no further communications between the parties and we note especially that appellant Villei did not respond in any way at any time to the letters of June 19 and 22, quoted above. Nevertheless, without further communications between the parties, the date for settlement arrived and complainant-buyer did not appear. In spite of the clear statement of the letters quoted above and the demand that the down money either be returned or held pending resolution of the differences, on August 3, 1973, appellant Villei distributed the down money to the seller and to himself.

His explanation, unaccepted by the Commission, was that he felt since the complainant-buyer did not appear at the settlement or explain his absence, he had abandoned the transaction and voluntarily forfeited the down money and the matter was terminated without dispute.

This court is not prepared to say that the clear statements in the quoted letters are not sufficient to support the Commission's finding nor are we prepared to say that it was arbitrary or capricious when it failed to accept appellant Villei's explanation.

Since appellant does not challenge the fact that if the record supports the findings, the findings are a clear violation of the Real Estate Brokers License Act, Act of May 1, 1929, P.L. 1216, *as amended*, 63 P.S. §431 et seq., as well as a violation of the Rules and Regulations of the State Real Estate Commission with regard to such matters.

Accordingly, we will enter the following

### ORDER

Now, August 2, 1976, the Order of the State Real Estate Commission, dated November 24, 1975, suspending the license of A. William Villei, License No. 24315, for a period of 9 months is affirmed.

The appeal of James V. Maiale is dismissed for mootness.